Robert J. Lauson, Esq.
LAUSON & TARVER LLP
880 Apollo Street, Suite 301
El Segundo, CA 90245
Phone: (310) 726-0892
Fax: (310) 726-0893
Email: bob@lauson.com

Attorney for Plaintiff
ANDCAKE, INC.

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA—WESTERN DIVISION

| | |
|---|---|
| ANDCAKE, INC., a California corporation,<br><br>　　　　　　Plaintiff,<br><br>v.<br><br>SANS SOUCI LLC, a California limited liability company; and DOES 1 through 10, inclusive,<br><br>　　　　　　Defendants. | CASE NO.:<br><br>**Complaint For:**<br><br>**1.　Copyright Infringement**<br><br>*Demand For Jury Trial* |

///

///

///

FOR ITS COMPLAINT Plaintiff ANDCAKE, INC. ("Plaintiff" or "AndCake") alleges as follows:

## THE PARTIES

1. Plaintiff AndCake, Inc. is a corporation duly organized and existing under the laws of the State of California, having offices at 1532 N. Columbus Avenue, Glendale, California 91202.

2. Upon information and belief, Defendant Sans Souci LLC ("Defendant" or "Sans Souci") is a California limited liability company organized and existing under the laws of the State of California with business addresses of 1100 S. San Pedro St. A1, Los Angeles, CA 90015 and 1441 E. 16th St., Los Angeles, CA 90021.

3. Plaintiff is ignorant of the true names and capacities of Doe Defendants 1-10, inclusive, and therefore sues them by such fictitious names. Plaintiff will seek leave to amend this complaint to allege their true names and capacities when they have been ascertained. Plaintiff is informed and believes and thereon alleges that each of the fictitiously named Defendants is responsible in some manner for the occurrences herein alleged and that the harm to Plaintiff as alleged herein was proximately caused by those Defendants. At all times herein mentioned, Defendants DOES 1-10, inclusive, were the agents, servants, employees or attorneys of their Co-Defendants, and in doing the things hereinafter alleged were acting within the course and scope of their authority as those agents, servants, employees or attorneys, and with the permission and consent of their Co-Defendants.

/ / /

/ / /

**JURISDICTION AND VENUE**

4. This Court has subject matter jurisdiction for this action under 20 U.S.C. §§ 1331 and 1338 in that it raises federal questions under the United States Copyright Act of 1976, 17 U.S.C. § 101 *et seq.* (the "Copyright Act").

5. This Court has general personal jurisdiction over Defendants in that they have continuous and systematic contacts with California including substantial sales here. This Court also has specific personal jurisdiction by Defendants residing in this district. Defendants have sufficient minimum contacts relevant to the copyright dispute, and given these substantial sales and contacts it is not unreasonable or unfair to hale them into Court here.

6. Venue is appropriate in this district pursuant to 28 U.S.C. § 1391 as Defendants reside in this district and substantial number of the events on which the claims are based took place in this district, and are subject to personal jurisdiction in this district.

**FACTUAL BACKGROUND**

7. Plaintiff AndCake, Inc. has been engaged in the business of creating various original designs for different garments, and marketing and selling same since as early as 1999.

8. At least as early as July 2004, Stephanie Larrowe, AndCake's principal, created an elaborate and original floral embroidery pattern, known as Cowgirl Embroidery (the "Work"), and sold shirts embodying the Work through 2009. The Work was owned exclusively by Ms. Larrowe. Depicted below is a photograph of the Work:

///
///



9. On January 23, 2015 AndCake, Inc. applied for a federal copyright registration in the Work, after Ms. Larrowe assigned all her rights, title and interest in the Work to AndCake via written agreement. Attached at Exhibit A is a true and correct copy of a filing receipt of the application currently on file with the U.S. Copyright Office, including the deposit material consisting of a photograph of the Work and the written assignment.

10. In around September 2014, AndCake became aware for the first time that Defendant Sans Souci was using and selling without authorization blouses with an identical embroidery pattern to the Work, labeled STYLE#IGT-214. The infringing product contains the same elements, composition, colors, arrangement, layout and appearance of the Work, and the designs are at the very least substantially similar. Depicted below is a photo of Defendant's product:

/ / /

/ / /

- 3 -



11.   On September 27, 2014, AndCake's undersigned counsel sent Sans Souci a cease-and-desist letter demanding it cease all manufacturing, advertising, sales and distribution of the infringing product.  Attached at Exhibit B is a true and correct copy of this letter and supporting exhibits.

12.   Upon information and belief, San Souci knowingly and willfully reproduced, sold and distributed the Work without AndCake's authorization.  Upon information and belief, Sans Souci's unlawful acts include purchasing clothes with successful brands for the sole purpose of copying the products copyright material, and returning the clothes thereafter.  In fact, "Andrew K." attests to San Souci's unlawful acts via an online Yelp review.  *See* Exhibit B, pg. 7.

13.   On October 9th, 2014, Defendant's attorney responded, stating he was investigating the matter.  On October 17, 2014, Plaintiff's undersigned counsel replied informing Defendant's attorney of a previous dispute around 2005 or 2006

1  involving the Work, which was settled under confidential terms without filing a
2  lawsuit.

4  14. After completing the investigation, Defendant's attorney further replied
5  on November 10, 2014 stating Sans Souci purchased only a small number of the
6  garments at issue from a Chinese business in 2005, but did not have any documents
7  pertaining to the purchase or sale of the garments.

9  15. On November 14, 2014, Plaintiff's counsel replied stating that in 2005
10 AndCake's minimum orders were 500-1000 garments per color.   Upon further
11 investigation, AndCake discovered the Work on another color of San Souci's
12 clothing, now with San Souci's "Sincerely" name on the tag.  Attached at Exhibit C
13 is a true and correct copy of a photograph depicting this second infringing garment.

15 16. Despite numerous subsequent communications to Defendant's
16 attorney, including an invitation to inspect the non-confidential portions AndCake's
17 file in the Work, Defendant or its counsel failed to respond further.

**FIRST CAUSE OF ACTION**

**Copyright Infringement Under The Copyright Act, 17 U.S.C. § 101 *et seq.***

**(Against All Defendants)**

21 17. Plaintiff repeats and realleges the allegations set forth in paragraphs 1-
22 16 as though set forth herein.

24 18. AndCake is the sole owner of all rights, title and interest in and to the
25 copyright in the Work including the right to reproduce, distribute, manufacture, sell,
26 and sue infringers and collect damages for past infringements.

1      19.    Upon information and belief, Defendants had access to the Work, and knowingly, directly copied it and/or proceeded to distribute said unauthorized copies, without AndCake's consent, in this judicial district and in California, across the United States and elsewhere, and engaged in conduct that forms part of or furthers the infringement of others.

20.    By the aforesaid acts, Defendants infringed upon AndCake's reproduction and distribution rights in violation of the Copyright Act, 17 U.S.C. §101 et seq.

21.    Upon information and belief, Defendants' acts were willful or at least grossly negligent in violating AndCake's rights under the Copyright Act.

22.    Defendants wrongly profited from said copying, sales and distribution, and AndCake was damaged in amounts subject to proof at trial.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays that the Court enter Judgment against Defendants including:

    A.    a finding that Defendants knowingly and willfully infringed Plaintiff's valid copyrights and other violations of the law as alleged herein;

    B.    that Defendants render an accounting to Plaintiff for their profits and any actual damages sustained by Plaintiff arising from the foregoing acts of infringement, subject to proof at trial;

    C.    that a preliminary and permanent injunction issue enjoining and prohibiting Defendants, their agents, servants, employees, officers, attorneys, successors and assigns and all others in active concert or participation with Defendants from engaging in further acts of infringement;

1  D.  destruction of all remaining infringing product bearing the Work;
2  E.  an award of all costs of this suit; and
3  F.  such other and further relief that the Court deems just and proper.

5  DATED: January 27 , 2015  Respectfully Submitted,
6  LAUSON & TARVER LLP

8  By: /s/ Robert J. Lauson
   Robert J. Lauson, Esq.
   Attorney for Plaintiff
9  ANDCAKE, INC.

- 7 -

**DEMAND FOR JURY TRIAL**

Pursuant to Federal Rule of Civil Procedure 38 and Local Rule 38-1 Plaintiff hereby requests a trial by jury on all claims so triable.

DATED: January 27 , 2015              Respectfully Submitted,

                                                LAUSON & TARVER LLP

By: /s/ Robert J. Lauson
    Robert J. Lauson, Esq.
    Attorney for Plaintiff
    ANDCAKE, INC.